**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nicholas M. Geer, Respondent,

v.

South Carolina Department of Probation, Parole and Parden Services, Appellant.

Appellate Case No. 2015-002522

-------

Appeal From The Administrative Law Court
Ralph King Anderson, III, Chief Administrative Law Judge

-------

Unpublished Opinion No. 2018-UP-216
Submitted February 1, 2018 – Filed May 23, 2018

-------

**AFFIRMED**

-------

Tommy Evans, Jr., of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Appellant.

Emily C. Paavola, Zoe Alexandra Jones, and Lindsey Sterling Vann, all of Justice 360, of Columbia, for Respondent.

-------

**PER CURIAM:** The South Carolina Department of Probation, Parole and Pardon Services (Department) appeals the administrative law court's (ALC) order reversing the Department's denial of parole to Nicholas M. Geer (Geer). We affirm.

In *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller* at 479; s*ee Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016) ("The Court now holds that *Miller* announced a substantive rule of constitutional law."). The Supreme Court expounded on the relevance of an offender's age and maturity level to sentencing decisions, noting that "a sentencer misses too much if he treats every child as an adult." *Miller* at 477. The Supreme Court further concluded that

> [b]y requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory-sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

*Miller* at 489.

In *Aiken v. Byars*, 410 S.C. 534, 765 S.E.2d 572 (2014), the Court applied *Miller* retroactively and extended it to juvenile offenders sentenced in South Carolina to life without parole under a nonmandatory statutory scheme. *See Montgomery*, 136 S.Ct. at 736 ("*Miller* announced a substantive rule that is retroactive in cases on collateral review"). The *Aiken* court held that *Miller* established "an affirmative requirement that courts fully explore the impact of the defendant's juvenility on the sentence rendered." *Aiken*, 410 S.C. at 543, 765 S.E.2d at 577. Therefore, in South Carolina, "before a life without parole sentence is imposed upon a juvenile offender, he must receive an individualized hearing where the mitigating hallmark features of youth are fully explored." *Id*. at 545, 765 S.E.2d at 578. Under the *Aiken* court's interpretation of *Miller*, a sentencing court is to consider the following factors in the individualized hearing:

> (1) the chronological age of the offender and the hallmark features of youth, including immaturity, impetuosity, and failure to appreciate risk and consequence; (2) the family and home environment that

surrounded the offender; (3) the circumstances of the homicide offense, including the extent of the offender's participation in the conduct and how familial and peer pressures may have affected him; (4) the incompetencies associated with youth— for example, the offender's inability to deal with police officers or prosecutors (including on a plea agreement) or the offender's incapacity to assist his own attorneys; and (5) the possibility of rehabilitation.

*Id*. at 544, 765 S.E.2d at 577 (internal quotation marks omitted); s*ee Montgomery*, 136 S.Ct. at 736 ("A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.").

In the case before us, we find no evidence showing that Geer's youth was taken into account before he was deprived of the possibility of parole. Based on the foregoing, the order of the ALC is

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.